UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

JEANNIE DRIVER            )
                          )
         Petitioner,      )
                          )
v.                        )    4:06-cv-075/4:05-cr-02
                          )    *Collier*
                          )
UNITED STATES OF AMERICA  )
                          )
         Respondent.      )

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jeannie Driver ("Driver"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

## I. STANDARD OF REVIEW

This court must vacate and set aside Driver's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Driver "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Driver is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.  FACTUAL BACKGROUND

Driver pleaded guilty, without benefit of a written plea agreement, to conspiracy to distribute five grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B). She was sentenced to a term of imprisonment of 70 months, which was at the bottom of her guideline sentence range. Driver did not appeal her sentence. Driver's subsequent motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2), was granted and her sentence was reduced to 60 months.

In support of her § 2255 motion to vacate sentence, Driver alleges the following: (1) she pleaded guilty without understanding of the nature of the charge and the consequences of the plea, in that she understood she would not be sentenced so harshly due to her full cooperation; (2) the prosecution failed to disclose favorable evidence, in that she was told she would receive a downward departure for cooperation; (3) she was denied effective assistance of counsel because her attorney did not request a downward departure; and (4) she was not informed of her right to appeal.

## III. DISCUSSION

### A. Involuntary Plea / Prosecutorial Misconduct

The first two claims for relief are related: Driver alleges that she understood, in return for pleading guilty and as a result of her cooperation, the government would move for a downward departure from her guideline sentence range. These claims are contradicted by the record.

Driver did not enter into a written plea agreement and there is nothing in the record to suggest that the government agreed to file a motion for downward departure. [Criminal Action No. 4:05-cr-02, Court File No. 13, Notice of Intent to Plead Guilty]. During the plea colloquy, Driver stated under oath that she had not received any promise for a lighter sentence as a result of pleading guilty. Driver specifically engaged in the following exchange with the court:

> THE COURT: Has any officer or agent of the government promised or suggested that you will receive a lighter sentence or some other form of leniency if you plead guilty?
>
> THE DEFENDANT: No, sir.

[*Id.*, Court File No. 22, Transcript of Rearraignment Proceedings, p. 5].

Driver was advised that she was facing a minimum mandatory sentence of five years, with a maximum sentence of 40 years. [*Id.* at 7]. She acknowledged that the court could impose sentence up to the maximum penalty of 40 years, and that the court was not bound by the sentencing guidelines but would consider the guidelines along with other factors, including the presentence report as well as comments by her attorney and the government as

3

to an appropriate sentence. [*Id*. at 8-9]. Driver further acknowledged that she understood her sentence might be "more severe or less severe than the sentence called for by the sentencing guidelines." [*Id*. at 9].

During sentencing, the court was advised of Driver's cooperation and her acceptance of responsibility for her role in the offense. [*Id*., Court File No. 21, Transcript of Sentencing Hearing, p.5]. Driver received a three-level reduction in her offense level based upon acceptance of responsibility, which resulted in a guideline sentence range of 70 to 87 months, and the government recommended a sentence in the low end of the guidelines. [*Id*. at 7]. The court agreed that, based upon the record, there was nothing "that suggests that a higher sentence than the low point of the guidelines would be in order." [*Id*. at 9].

There is nothing in the record to support Driver's allegations that the government would file a motion for downward departure or that she was told she would receive a lighter sentence in return for pleading guilty. These claims lack merit.

### B.     Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that her attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Driver must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because she is seeking relief under § 2255, Driver bears the burden of proving by a preponderance of the evidence that her counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Driver alleges her attorney rendered ineffective assistance of counsel by failing to request a downward departure. Driver does not state what the basis for the downward departure would have been. Since she complains that the prosecution did not file a motion for downward departure based upon substantial assistance, presumably that is the basis for the motion she claims her attorney should have filed.

A district court may, on motion of the government, reduce a sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another. 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b); USSG § 5K1.1. Whether the government moves for a sentence reduction based on substantial assistance is a matter of discretion, subject only to constitutional limitations, and the district court has no authority to reduce a sentence because of the defendant's assistance absent a motion by the government. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *Sullivan v. United States*, 11 F.3d 573, 575 (6th Cir. 1993). Driver's attorney did not render ineffective assistance of counsel by failing to file a motion for downward departure. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

In addition, as noted earlier in this opinion, Driver's counsel did bring to the Court's attention Driver's cooperation as a factor that warranted a lower sentence and the Court considered her cooperation in arriving at a sentence at the bottom of the guideline sentence range. [Criminal Action No. 4:05-cr-02, Court File No. 21, Transcript of Sentencing Hearing, p. 8].

Case 4:05-cr-00002   Document 33   Filed 09/09/09   Page 6 of 8   PageID #: 58

### C. Denial of Right to Appeal

Driver alleges her attorney did not inform her of her right to appeal her sentence; according to Driver, she only found out about the right to appeal her sentence once she was incarcerated. This allegation is contradicted in the record.

At the conclusion of the sentencing hearing, the court specifically advised Driver as follows:

> Ms. Driver, you have the right to appeal the sentence the Court just announced. If you would like to appeal the sentence, your notice of appeal must be filed within ten days. If you cannot afford counsel to represent you in your appeal, the Court will appoint counsel to represent you.

[Criminal Action No. 4:05-cr-02, Court File No. 21, Transcript of Sentencing Hearing, pp. 10-11].

Driver was aware of her right to appeal her sentence. Her claim to the contrary lacks merit.

### IV. CONCLUSION

Driver is not entitled to relief under § 2255 and her motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Driver leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Driver having failed to make a substantial showing of the denial of a

constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An Order will enter.

        **/s/**
        **CURTIS L. COLLIER**
        **CHIEF UNITED STATES DISTRICT JUDGE**